[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10222
Non-Argument Calendar
_____

Agency No. 3-16211


GLOBAL GREEN, INC.,
NUTRITIONAL HEALTH INSTITUTE LABORATORIES, LLC,
DR. MEHRAN GHAZVINI,

Petitioners,

versus

SECURITIES AND EXCHANGE COMMISSION,

Respondent.


_____

Petition for Review of a Decision of the
Securities and Exchange Commission
_____

(December 4, 2015)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Global Green, Inc., National Health Laboratories, LLC, and Mehran Ghazvini seek review of the December 16, 2014, final order of the Securities and Exchange Commission (SEC) that dismissed a Petition for Termination of Supervision of Trading Securities as untimely under SEC Rule of Practice 550, 17 C.F.R. § 201.550. On appeal, the petitioners argue that: (1) this petition is not untimely if it is filed within sixty days after the entry of the suspension order; and (2) in the alternative, the petitioners were denied fair notice of the ten-day deadline to file their petition. After thorough review, we affirm.

We uphold an agency's actions, findings, and conclusions unless they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under this standard, "we must defer to the wisdom of the agency provided their decision is reasoned and rational." Swaters v. Osmus, 568 F.3d 1315, 1322 (11th Cir. 2009) (quoting McHenry v. Bond, 668 F.2d 1185, 1190 (11th Cir. 1982)). An agency's interpretation of its own regulations is controlling unless "plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) (quotation omitted).

The relevant facts are these. On September 25, 2014, the Commission issued a Suspension Order pursuant to the Securities Exchange Act, 15 U.S.C. § 78*l*(k)(1), which suspended trading in the common stock shares of Global Green, Inc., due to concerns regarding "the adequacy and accuracy of press releases concerning the

2

company's operations." All Grade Mining, Inc., 79 Fed. Reg. 58399-01 (SEC Sept. 29, 2014). By the Order's terms, the trading suspension terminated on October 8, 2014. Global Green, parent company National Health Institute Laboratories, LLC, and Mehran Ghazvini, an officer and director for both Global Green and National Health Institute Laboratories, filed with the Commission on October 23, 2014, a Sworn Petition for Termination of Suspension of Trading Securities. Because the petition was not submitted during the ten days that the trading suspension was in effect, the Commission dismissed the petition as untimely. The dismissal was based on the Commission's own interpretation of Rule 550, which it read to require that a petition to terminate a suspension must be filed before the suspension elapses.

The Commission has authority under the Securities Exchange Act "summarily to suspend trading in any security (other than an exempted security) for a period not exceeding 10 business days." 15 U.S.C. § 78$l$(K)(1)(A). Rule of Practice 550 permits any person adversely affected by such a suspension to "file a sworn petition with the Secretary requesting that the suspension be terminated. The petition shall set forth the reasons why the petitioner believes the suspension of trading should not continue and state with particularity the facts upon which the petitioner relies." 17 C.F.R. § 201.550(a). The Exchange Act also provides for judicial review in the United States Court of Appeals. "A person aggrieved by a

3

final order of the Commission entered pursuant to this chapter may obtain review . . . by filing in . . . court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part." 15 U.S.C. § 78y(a)(1).

Petitioners argue that because the Rule of Practice does not provide a deadline by which petitions must be filed, adversely affected parties should be permitted the same sixty days to seek agency review of a suspension order as they are provided to seek judicial review of that order. Such an approach, however, would be inconsistent with the Rule's text and purpose. The Rule provides that petitions should explain why "the suspension of trading should not continue," and request that the suspension "be terminated." 17 C.F.R. § 201.550(a). Such language plainly contemplates that petitions will be filed during the ten days that the suspension order is in effect. As the Commission recently explained, "Once a temporary suspension order has expired, which typically happens after ten days, there is no suspension to be 'terminated' or discontinued; the door to relief under Rule 550 is shut." Accredited Bus. Consolidators, Exchange Act Release No. 73420, 2014 WL 5386875, *1 (Oct. 23, 2014).

This implicit ten-day deadline is consistent with the principle that administrative remedies must generally be exhausted before judicial review is available. See 15 U.S.C. § 78y(c)(1) ("No objection to an order or rule of the

4

Commission, for which review is sought under this section, may be considered by the court unless it was urged before the Commission or there was reasonable ground for failure to do so."). The Commission's interpretation of the Rule recognizes that the ten-day deadline for submitting a petition advances important interests of efficiency and finality, and ensures a complete administrative record will be developed prior to review by the Court of Appeals. This interpretation "sensibly conforms to the purpose and wording of the regulations," Sierra Club v. Johnson, 436 F.3d 1269, 1274 (11th Cir. 2006) (quoting Legal Envtl. Assistance Found., Inc. v. EPA, 276 F.3d 1253, 1262 (11th Cir. 2001), and thus is entitled to our deference. See Auer, 519 U.S. at 461.

We also find no merit in Petitioners' claim that they were denied fair notice of the ten-day deadline to file their petition. The fair notice doctrine prevents "deference from validating the application of a regulation that fails to give fair warning of the conduct it prohibits or requires." Gates & Fox Co. v. OSHRC, 790 F.2d 154, 156 (D.C. Cir. 1986). However, this doctrine is applied only in a "very limited set of cases." Suburban Air Freight, Inc. v. Transp. Sec. Admin., 716 F.3d 679, 684 (D.C. Cir. 2013). For example, the doctrine has been applied where the agency's interpretation was "so far from a reasonable person's understanding of the regulations" that regulated parties could not have been fairly informed of the agency's perspective, Gen. Elec. Co. v. EPA, 53 F.3d 1324, 1330 (D.C. Cir. 1995);

5

where an agency changed course with respect to its interpretation of a governing statute, FCC v. Fox Television Stations, Inc., 132 S. Ct. 2307, 2317-18 (2012); and where the Commission imposed civil penalties "pursuant to a substantial change in its enforcement policy," Upton v. SEC, 75 F.3d 92, 98 (2d Cir. 1996).

Here, we cannot say that the Commission's interpretation that a petition to "terminate" a suspension must be filed while the suspension remains in effect is inconsistent with a reasonable person's expectations, and there is no suggestion that the Commission's interpretation or enforcement policy has shifted over time. This record does not present the rare case where due process requires we vacate an enforcement action despite an agency's proper interpretation of its own rules.

**AFFIRMED.**